Frost J.
delivered the opinion of tho Court.
It appears from the report of the evidence, and a plat produced at the hearing, that a road passed through the land of the defendant, which, when it reached Little river, turned at a right angle nearly, and extended along the bank some distance to the site of a store formerly occupied by Breward. Broward's residence was near the angle of the road. The bank of the river, along the extent of the road, was used for the purpose of depositing shingles, staves, and other products of the adjacent country, for carriage down the river; this was called Broward’s landing. Within the angle of the road, and bounded by it, was a tract of ungranted land over which various wagon tracts diverged, so as to reach Bre ward’s store by a more direct way than going round the angle. These roads reached the bank of the river at several places between Breward’s house and his store. The vacant land was granted in 1837, and conveyed to the defendant in 1842. The landing had been used for thirty or forty years. Some of the witnesses considered it a public landing, and Others said it was not. No one of the roads leading to the landing had been established as a public road by any public authority, nor *111 by any dedication to the use of the public, nor taken under the jurisdiction of the Commissioners of Roads, nor worked by any persons. The alleged interruption of the use of the landing consisted in the defendant’s having obstructed the road along the river.
The jury were instructed that, though there was no public road leading to the landing, that circumstance was not adverse to the prescriptive right to it, as a public landing. This presents the inquiry, whether a public landing may exist without a public road leading to it.
A landing is a place on a river or other navigable water for lading and unlaumg goods, or for the reception and delivery of passengers. The owner of the soil may have a landing for his exclusive use. A private right to the use of the landing may be vested in several persons; or it may be subject to the public use. As a public or private landing, it is an easement which nay be acquired by prescription. It is indispensable to the use of a landing for the purpose of carriage by land, (which is claimed, in this case) that there should be a road to it. A landing can no more exist without a road to it, than a ferry. The latter is the continuation of a way across a river, and has respect only to the landings on each side; for the river is common to the use of all. A landing is the terminus of a road on a river or other navigable water, for the use of travellers, and the loading and unloading of goods. Its character, whether public or private, must depend on the character of the road which leads to it. A road to a river, does not differ from a road to any other highway. That a road communicates with a highway does not make it a public road. It retains its character, either as a public or private road, until it unites with the highway, and the remedies for the interruption of it depend on its character. The same is manifestly true of a road which terminates on a river. A prescriptive right to a landing cannot be larger than the right of way by which it is reached. Without a right of way over the adjacent land to the river, there can be no right of landing. If in this case no right of way existed over the land of the defendant, he might lawfully obstruct the road. If only a private right of way exists, the interruption of it is not. indictable. The *112 defendant can be a guilty of a public nuisance only in case the road to the landing, which he is charged to have obstructed, is a public road. The only disturbance alleged to the use of the landing, is that obstruction. If the obstruction of the road be lawful, or merely a personal injury, and not indictable, the necessary and immediate consequence of it cannot be. The obstruction of a private road cannot be a public nuisance; but the obstruction of a public landing must be a nuisance. These two propositions can be reconciled only by holding, that a public landing must be the terminus of a public road. The indictment should have been for the act of obstructing the road, and not for a consequence of it; and then the proposition would be manifest.
The motion is granted.